**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DANIEL A. HESSE,

Debtor.

Chapter 7
Case No. 14-70196-AST
-----------------------------------------------------------x
R. KENNETH BARNARD, AS CHAPTER 7 TRUSTEE OF DANIEL A. HESSE,

Plaintiff,

- against -

Adv. Pro. No. 17-

JOSEPH MASSARO, IFS CAPITAL LLC, IFS PROPERTIES LLC, and MISTY PROPERTIES INC.,

Defendants.
-----------------------------------------------------------x

**COMPLAINT**

Plaintiff R. Kenneth Barnard, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of Daniel A. Hesse (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as and for his Complaint against defendants Joseph Massaro ("Massaro"), IFS Capital LLC ("IFS Capital"), IFS Properties LLC ("IFS Properties") and Misty Properties Inc. ("Misty") (collectively, the "Defendants"), alleges as follows:

## NATURE OF THE PROCEEDING

1. This adversary proceeding is brought to avoid and recover assets conveyed to the Defendants under §§ 105, 502, 541, 542, 544, and 550 of title 11, United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law § 272, et seq., general common law and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## JURISDICTION AND VENUE

2. Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3. The statutory predicates for the claims asserted herein are 11 U.S.C. §§ 105, 502, 541, 542, 544, 550, and 551, New York State Debtor and Creditor Law § 272, et. seq, general common law, and Bankruptcy Rules 6009 and 7001.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(H), 157(b)(2)(K) and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. In accordance with Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

7. On January 20, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. By Order of the Court dated April 28, 2014, this case was converted to one under Chapter 7 of the Bankruptcy Code.

9. By Notice of Appointment, R. Kenneth Barnard, Esq., was appointed as the Chapter 7 Trustee, has duly qualified and is the permanent Trustee of the estate.

10. The Plaintiff has since qualified and is the permanent Trustee of this estate.

## PARTIES

11. Upon information and belief, Massaro is an individual residing in the State of New York.

12. Upon information and belief, IFS Capital is a domestic limited liability company having its principal place of business at 360 Motor Parkway, Suite 200B, Hauppauge, New York 11788, which at all times relevant was doing business in the state of New York.

13. IFS Properties is a domestic limited liability company having its principal place of business at 360 Motor Parkway, Suite 200B, Hauppauge, New York 11788, which at all times relevant was doing business in the state of New York.

14. Upon information and belief, Misty is a domestic corporation having its principal place of business at 360 Motor Parkway, Suite 200B, Hauppauge, New York 11788, which at all times relevant was doing business in the state of New York.

15. Plaintiff is authorized to assert his claims under § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

## <u>ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF</u>

### A. The Knickerbocker Property

16. Until August 20, 2010, the Debtor owned all right title and interest in the commercial building and real property known as, and located at, 280-284 Knickerbocker Avenue, Bohemia, New York 11716 (the "Knickerbocker Property"), designated District 0500 Section 193.00 Block 01.00 and Lot 016.20 on the Tax Map of Suffolk County.

17. By deed dated August 20, 2010 and recorded on September 2, 2010, the Debtor conveyed all of his right, title and interest in the Knickerbocker Property to 280-284 Knickerbocker Ave, LLC ("Knickerbocker LLC").

18. At the time and the recording of this deed through the Filing Date, the Debtor was the sole owner of Knickerbocker LLC.

19. The Debtor's shares of Knickerbocker LLC become property of his bankruptcy estate on the Filing Date.

20. By deed dated November 23, 2011, and recorded January 5, 2012, Knickerbocker LLC, by the Debtor as its sole owner, transferred title to the Knickerbocker Property to IFS Capital (the "IFS Capital Deed").

21. Upon information and belief, the IFS Capital Deed was intended to be held in escrow as additional collateral for the loan described below and was not to be recorded unless there was a payment default under the Note (as that term is defined below).

22. The IFS Capital Deed reflects that no transfer tax was paid in connection with the recording of that deed.

23. By deed dated November 15, 2013, and recorded January 23, 2014, IFS Capital conveyed title to the Knickerbocker Property to IFS Properties in a zero consideration transfer (the “IFS Properties Deed”).

24. IFS Properties did not receive title to the Knickerbocker Property for value or in good faith and took title with knowledge of the voidability of the transfer.

25. The purported purpose of the execution and drafting of the IFS Properties deed was to correct the error in IFS Capital taking title in the first instance.

26. Upon information and belief, at the time of the recording of each of the foregoing deeds, the Knickerbocker Property was subject to a consolidated mortgage in the principal sum of $350,000.00 granted to North Fork Bank (the “North Fork Mortgage”).

27. Upon information and belief, Capital One, NA succeeded North Fork Bank in its ownership of the North Fork Mortgage.

**B. The Loan to the Debtor and GDH Capital Corporation**

28. On November 26, 2011, the Debtor executed a two (2) page note by which he promised to pay Massaro $500,000.00 at an annual rate of 15% (the “Note”).

29. The maturity date is blank on the Note.

30. Simultaneously, the Debtor executed a personal guaranty in favor of ‘IFS Properties’ (the “Guaranty”).

31. On the same date, the Debtor executed a mortgage secured against his real property known as, and located at, 191 The Helm, East Islip, New York (the “Helm Property”), in the amount of $500,000.00, in favor of Massaro (the “Helm Mortgage”).

32. The Helm Mortgage was recorded against the Helm Property on January 12, 2012.

33. On November 18, 2011, prior to the date on which the Note was executed, $400,000.00 was wired from IFS Properties to an account maintained by GDH Capital Corporation ("GDH") at Bridgehampton National Bank.

34. The Debtor was an officer and shareholder of GDH at the time of this wire.

35. On the same date, at the Debtor's e-mail direction, $100,000.00 was wired from Misty Properties to an account maintained by 901 Lincoln Associates Corp., another corporation solely owner by the Debtor.

36. Upon information and belief, at all times relevant, Massaro was, and is, an officer and owner of IFS Capital, IFS Properties and Misty Properties.

37. Upon information and belief, since IFS Capital acquired title to the Knickerbocker Property, Misty Properties has collected rents due from the tenants of the Knickerbocker Property and applied those rents to the balance owed by the Debtor under the Note.

38. On June 4, 2013, following the commencement of a foreclosure proceeding pertaining to the Knickerbocker Property, Capital One, NA, as successor in interest to North Fork Bank, recorded a notice of pendency against the Knickerbocker Property.

39. Upon information belief, neither IFS Capital nor IFS Properties remitted any of the rents collected to North Fork Bank or Capital One, NA, as successor to North Fork Bank, resulting in the commencement of the foreclosure proceeding.

40. On June 6, 2014, Misty Properties entered into an asset purchase agreement with Capital One, NA, by which it acquired the North Fork Mortgage, the judgment of foreclosure awarded in its favor, the proof of claim filed by Capital One, NA in the Debtor's case, and any other claims arising from the North Fork Mortgage and judgment of foreclosure in exchange for $295,000.00.

41. In the proof of claim filed in the Debtor's case, Capital One, NA asserted that as of January 20, 2014, the amount due on the North Fork Mortgage was $313,864.20.

42. In connection with that asset purchase, Misty Properties and North Fork Mortgage entered into a judgment and proof of claim assignment on June 12, 2014.

43. At the time of the loan reflected by the Note, GDH held a mortgage in the principal amount of $220,000.00 executed in its favor by ST Developer, LLC, which was recorded on June 2, 2010 (the "ST Mortgage").

44. By assignment dated December 23, 2011, and recorded on January 17, 2012, GDH assigned the ST Mortgage to IFS Properties.

45. IFS Properties collected payments made in connection with the ST Mortgage and applied them to reduce the balance owed under the Note.

46. IFS Properties received a payoff from ST Developer, LLC in the sum of $275,333.36 on October 22, 2012.

47. IFS Properties applied this sum to reduce the balance owed under the Note.

48. On August 26, 2014, Massaro filed a proof of claim against the Debtor's estate, denominated claim no. 41 (the "Massaro Claim") asserting a secured claim in the sum of $220,733.95, plus interest and legal fees, arising from the Note and Helm Mortgage.

**C. The Lawsuits Resulting in Judgment against the Debtor**

49. Upon information and belief, on the dates of the execution and recording of the IFS Capital Deed and IFS Properties Deed, one or more lawsuits were pending against the Debtor that resulted in the entry of judgment against him.

50. Upon information and belief, these lawsuits included, but were not necessarily limited to, a lawsuit by Geraldine Biello that resulted in the entry of a judgment against the

Debtor in the sum of $336,091.93 on October 4, 2012 and a lawsuit by Nicholas and Marion Iorio that resulted in the entry of judgment against the Debtor in the sum of $102,500.00 on December 3, 2012.

51. The Debtor received inadequate consideration in exchange for the conveyance of title to the Knickerbocker Property.

52. The value of the collateral provided to Defendants in connection with the Note significantly exceeded the debt being incurred by the Debtor.

53. The Debtor was insolvent or rendered insolvent by the transfer of title to the Knickerbocker Property.

54. Upon information and belief, the Debtor had creditors holding unsecured claims against him at the time of the transfer of title to the Knickerbocker Property that continued to be creditors of the Debtor as of the Filing Date.

**FIRST CLAIM FOR RELIEF**
**(Property of the Estate)**

55. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "54" as if set forth fully herein.

56. The Debtor, through his sole ownership of Knickerbocker LLC, had a legal and equitable interest in the Knickerbocker Property.

57. The Debtor's legal and equitable interest in the Knickerbocker Property is property of the estate.

58. By reason of the foregoing, Plaintiff is entitled to the entry of an Order and judgment against Defendants, under §§ 541 and 542 of the Bankruptcy Code in an amount as yet undetermined, but no less than $100,000.00.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Conveyance)**

59. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "58" as if set forth fully herein.

60. At the time of the execution and delivery of the IFS Capital and IFS Properties Deeds, the Debtor was insolvent or rendered insolvent as a result of those transfers.

61. The transfer of title to the Knickerbocker Property to IFS Capital and IFS Properties constitute fraudulent conveyances in violation of New York State Debtor and Creditor Law § 273.

62. Under Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 273, Plaintiff may avoid the IFS Capital and IFS Properties Deeds.

63. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

**THIRD CLAIM FOR RELIEF**
**(Fraudulent Conveyance)**

64. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "63" as if set forth fully herein.

65. The Debtor did not receive fair consideration in exchange for the transfer of title to the Knickerbocker Property.

66. Upon information and belief, at the time of the execution and delivery of the IFS Capital and IFS Properties Deeds, the Debtor was the subject of claims for money damages in one or more lawsuits.

67. Judgment was entered against the Debtor in various lawsuits following the execution of the IFS Capital and IFS Properties Deeds.

68. The transfers of title to the Knickerbocker Property to IFS Capital and IFS Properties constitute fraudulent conveyances in violation of New York State Debtor and Creditor Law § 273-a.

69. Under Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 273-a, Plaintiff may avoid the IFS Capital and IFS Properties Deeds.

70. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
**(Fraudulent Conveyance)**

71. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "70" as if set forth fully herein.

72. At the time of the execution and delivery of the IFS Capital and IFS Properties Deeds, the Debtor had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

73. The Debtor did not receive fair consideration from Defendants in exchange for the transfers of title to the Knickerbocker Property.

74. The transfers of title to the Knickerbocker Property constitute fraudulent conveyances of the Debtor's assets in violation of New York State Debtor and Creditor Law § 275.

75. Under Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 275, the Plaintiff may avoid the IFS Capital and IFS Properties Deeds.

76. By reason of the foregoing, the Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $1000,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance)**

77. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "76" as if set forth fully herein.

78. The transfers of title to the Knickerbocker Property was made with the actual intent to hinder, delay, or defraud present or future creditors in violation of New York State Debtor and Creditor Law § 276.

79. Under the Bankruptcy Code §§ 544(b), and 550, and New York State Debtor and Creditor Law § 276, Plaintiff may avoid the IFS Capital and IFS Properties Deeds.

80. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

**SIXTH CLAIM FOR RELIEF**
**(Attorney's Fees)**

81. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "80" as if set forth fully herein.

82. The transfers of title to the Knickerbocker Property constitute fraudulent conveyances of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276(a).

83. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants, under New York State Debtor and Creditor Law § 276(a), for reasonable attorney's fees in an amount to be determined by the Court in connection with the prosecution of this action.

**SEVENTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

84. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "83" as if set forth fully herein.

85. Defendants were enriched as a result of the transfers of title to the Knickerbocker Property.

86. The enrichment of Defendants was at the expense of the Debtor and this estate.

87. The circumstances relating to the IFS Capital and IFS Properties Deeds are such that equity and good conscience require that Defendants compensate the estate.

88. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

**EIGHTH CLAIM FOR RELIEF**
**(Declaratory Judgment)**

89. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "88" as if set forth fully herein.

90. Misty Properties' acquisition of the North Fork Mortgage and Capital One, NA's claims against this estate constitute a disguised satisfaction of mortgage intended to interfere with Plaintiff's efforts to avoid and recover title to the Knickerbocker Property.

91. By reason of the foregoing, Plaintiff is entitled to a judgment under Section 502 of the Bankruptcy Code setting aside the North Fork Mortgage and disallowing any claim arising from the North Fork Mortgage.

**NINTH CLAIM FOR RELIEF**

92. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "91" as if set forth fully herein.

93. Defendants are transferees of transfers avoidable pursuant to Section 544 of the Bankruptcy Code and the New York State Debtor and Creditor Law, which property is recoverable by Plaintiff under Section 550 of the Bankruptcy Code.

94. Defendants have not paid the value of the Knickerbocker Property or turned over such property for which each Defendant is liable under Section 550 of the Bankruptcy Code.

95. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendants against the Debtor, including any and all claims assigned by Defendants, must be disallowed until such time as Defendants pay Plaintiff the amount equal to the value of the Knickerbocker Property or return title to the Knickerbocker Property to Plaintiff.

96. Pursuant to Section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendants against the Debtors, including any and all claims assigned by Defendants, must be reconsidered and disallowed until such time as Defendants pay to Plaintiff the value of the Knickerbocker Property or return title to the Knickerbocker Property to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against Defendants as follows:

1. On the first claim for relief, under §§ 541 and 542 of the Bankruptcy Code in an amount to be determined at trial, but no less than $100,000.00;

2. On the second claim for relief, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

3. On the third claim for relief, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

4. On the fourth claim for relief, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

5. On the fifth claim for relief, Plaintiff is entitled to judgment against Defendants: (a) setting aside the IFS Capital and IFS Properties Deeds; and (b) in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

6. On the sixth claim for relief, Plaintiff is entitled to judgment against the Defendants, under New York State Debtors and Creditor Law § 276(a), for reasonable attorney's fees in an amount to be determined by the Court in connection with the prosecution of this action;

7. On the seventh claim for relief, Plaintiff is entitled to judgment against Defendants in an amount as yet undetermined, but no less than $100,000.00, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court;

8. On the eighth claim for relief, a judgment against Defendants under Section 502 of the Bankruptcy Code setting aside the North Fork Mortgage and disallowing any claim arising from the North Fork Mortgage;

9. On the ninth claim for relief, a judgment against Defendants under Section 502 of the Bankruptcy Code disallowing any claims filed or otherwise held by any Defendant and/or its assignee against the Debtor until title to the Knickerbocker Property or the value thereof is restored to Plaintiff; and

10. For such other and further relief as the Court deems just and proper.

Dated: Wantagh, New York
May 31, 2017

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for R. Kenneth Barnard, Esq.,
as Chapter 7 Trustee

By: ***s/David A. Blansky***
David A. Blansky
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500

*M:\Documents\Company\Cases\Hesse, Daniel\Adv Pros\Massaro\Avoidance Complaint.docx*